IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VIDEAU,<br><br>    Petitioner,<br><br>vs.<br><br>ANTHONY HEDGEPATH, Warden,<br><br>    Respondent. | No. C 07-3838 JSW (PR)<br><br>**ORDER DENYING MOTION TO STAY PETITION WITHOUT PREJUDICE, GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket Nos. 2, 4) |

    Petitioner, a prisoner of the State of California, currently incarcerated at Kern Valley State Prison in Delano, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. On that same date, Petitioner filed a motion to stay the petition and hold it in abeyance pending the exhaustion of additional claims in the state courts (docket no. 2). For the reasons below, Petitioner's motion is DENIED (docket no. 2). Petitioner's motion to proceed *in forma pauperis* is GRANTED (docket no. 4).

    A district court may stay a petition pending a petitioner's exhaustion of additional claims, with the intention of allowing an amendment after exhaustion to add the newly exhausted claims. *See Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 989 (9th Cir. 1998). In *Rhines*, the Supreme Court noted that before the district court may grant a stay for that purpose, the district court must first determine that Petitioner has (1) shown good cause for his failure to exhaust these issues earlier; and (2)

shown that the issues are "potentially meritorious." *Rhines*, 125 S. Ct. at 1535.

In the motion, Petitioner has neither set forth the claims he wishes to pursue, nor stated his reasons for failing to exhaust his additional claims earlier. Because Petitioner has not established that good cause exists for failure to exhaust earlier or that his claims are potentially meritorious under *Rhines*, Petitioner's motion seeking to hold the petition in abeyance is DENIED without prejudice to filing a properly substantiated motion seeking that relief within thirty days from the date of this order (docket no. 4).

If Petitioner chooses to file such a motion, he should attach thereto an amended petition, containing all the claims he wishes to pursue and a separate motion to stay, which addresses the requirements of *Rhines*. Petitioner is reminded that because an amended petition supercedes the original, Petitioner must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 113 S. Ct. 321 (1992). Failure to file an amended petition and the motion by the deadline will result in the Court proceeding only on the claims in the petition currently pending before the Court. The Clerk of Court is directed to send Petitioner a copy of this Court's form habeas petition.

IT IS SO ORDERED.

DATED: November 27, 2007

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

ANDREW VIDEAU,

        Plaintiff,

  v.

ANTHONY HEDGEPATH et al,

        Defendant.
_____/

Case Number: CV07-03838 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Videau
V47077
P.O. Box 5101
Delano, CA 93216

Dated: November 27, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk