IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VIDEAU, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> A. HEDGEPETH, Warden, et al., ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. C 07-3838 JSW (PR) <br><br> **ORDER TO SHOW CAUSE** |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence. Petitioner was granted leave to file an amended petition, and his request for a stay of the case while he exhausted the claims in the first amended petition was granted. Petitioner has notified the court that these claims have now been exhausted and requests a lift of the stay.

**BACKGROUND**

According to the petition, in 2004, Petitioner was convicted of first degree murder and several sentence enhancements in Alameda County Superior Court. The trial court sentence him to a term of 50 years-to-life in state prison. The California Court of Appeal affirmed and the California Supreme Court denied the petition for review. A subsequent petition for a writ of habeas corpus was denied.

**DISCUSSION**

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner presents the following claims: (1) the jury instruction pursuant to CALJIC No. 5.17 regarding imperfect self-defense, violated *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986), because it negated the defense of "lesser culpability;"[1] (2) counsel failed to mail Petitioner his case file until eleven months after discharge, causing delay in his raising new claims on appeal; (3) trial counsel was ineffective in requesting CALJIC No. 5.17; (4) counsel was ineffective in failing to interview a prosecution witness; and (5) the trial court violated Petitioner's Sixth Amendment right to counsel by making an inadequate inquiry into Petitioner's complaints about counsel.

Petitioner's second claim does not state a cognizable basis for federal habeas relief because it does not allege the violation of any federal law. *See* 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (a writ of habeas corpus is available under § 2254(a) only on the basis of a violation of federal law). While Petitioner's allegation that appellate counsel delayed in providing his case files following the end of direct appeal may pertain to such issues as the timeliness his federal and state petitions or

---

[1] This claim is cut off in the first amended petition, and thus the court refers to plaintiff's original petition, dated July 26, 2007, for the remainder of the claim.

2

1  procedural default, such an allegation does not allege the violation of any federal law.[2]
2  Accordingly, the claim will be dismissed for failure to state a cognizable basis for federal
3  habeas relief.
4      Petitioner's remaining claims, when liberally construed, warrant a response from
5  Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

    1. The second claim in the Amended Petition is DISMISSED.

    2. The Clerk of the Court shall serve a copy of this order and the December 17, 2007 Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

    2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days from the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the four cognizable claims in the December 17, 2007 Amended Petition, as set forth above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days from the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

---

[2] Petitioner does not claim that the appeal filed by counsel was ineffective or deficient, only that counsel delayed in returning files to Petitioner.

3

not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6. The stay of this matter is hereby LIFTED and the Clerk shall REOPEN the file.

    IT IS SO ORDERED.

DATED: March 31, 2008

*Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge