1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  RENÉ A. CHACÓN, State Bar No. 119624
   Supervising Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5957
    Fax:  (415) 703-1234
8   Email:  rene.chacon@doj.ca.gov

9  Attorneys for Respondent

10

11             IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **ANDREW VIDEAU,**                    No. C 07-3838 JSW (PR)

15                      Petitioner,       **ANSWER TO ORDER TO SHOW CAUSE**

16       v.

17  **A. HEDGEPETH, Warden,**

18                      Respondent.

19

20       Respondent, A. Hedgepeth, Warden at Kern Valley State Prison at Delano, California,

21  provides this Answer to the Order to Show Cause.

22                                **I.**
                                **CUSTODY**
23

24       Petitioner is lawfully confined in the custody of the California Department of Corrections

25  and Rehabilitation, pursuant to a judgment imposed by the Alameda County Superior Court on June

26  9, 2004.  On March 23, 2004, petitioner pleaded no contest to possession of a firearm by a felon,

27  Cal. Penal Code § 12021(a)(1), and unlawful firearm activity, Cal. Penal Code § 12021(c)(1).  *See*

28  Respondent's Exhibit A (hereinafter "CT") at 241.  On April 27, 2004, the jury found petitioner

guilty of first degree murder, Cal. Penal Code § 187(a), and found true allegations of the infliction of great bodily injury, Cal. Penal Code § 1203.075, and the use and personal discharge of a weapon, Cal. Penal Code §§ 12022.53(b)-(d), 12022.5(a)(1), 1203.06(a)(1), 1192.7(c)(8). CT at 303. The trial court sentenced petitioner to a prison term of 50 years to life. CT at 311-15.

## II.
## STATE PROCEDURAL HISTORY

By information, the Alameda County District Attorney charged petitioner with murder, Cal. Penal Code § 187(a), possession of a firearm by a felon, Cal. Penal Code § 12021(a)(1), and unlawful firearm activity, Cal. Penal Code § 12021(c)(1). *See* CT at 142-45. With respect to the murder, the information alleged the infliction of great bodily injury, Cal. Penal Code § 1203.075, and the use and personal discharge of a weapon, Cal. Penal Code §§ 12022.53(b)-(d), 12022.5(a)(1), 1203.06(a)(1), 1192.7(c)(8). CT at 143. The information alleged one prior burglary conviction. CT at 144-45.

On March 22, 2004, trial by jury commenced. CT at 216. On March 23, 2004, petitioner pleaded no contest to possession of a firearm by a felon and unlawful firearm activity. CT at 241. On April 27, 2004, the jury found petitioner guilty of first degree murder and found the enhancement allegations true. CT at 303.

On June 9, 2004, the trial court imposed a prison term of 50 years to life. CT at 311-15.

On February 21, 2006, the California Court of Appeal affirmed the judgment in an unpublished decision. *See* Exhibit B.

On May 10, 2006, the California Supreme Court denied review. *See* Exhibit C.

On January 30, 2008, the California Supreme Court denied a habeas corpus petition. *See* Exhibit D.

On June 11, 2008, the California Supreme Court denied a second habeas corpus petition citing *In re Robbins*, 18 Cal.4th 770, 780 (1998), *In re Clark*, 5 Cal.4th 750 (1993), and *In re Miller*, 17 Cal.2d 734 (1941). *See* Exhibit E.

///

///

# III.
# FEDERAL PROCEDURAL HISTORY

On December 17, 2007, petitioner filed the instant first amended petition for writ of habeas corpus under 28 U.S.C. § 2254. On March 31, 2008, the Court issued the Order to Show Cause.

# IV.
# CLAIMS FOR RELIEF

Respondent denies each of petitioner's claims, denies that any of petitioner's claims state a basis for federal habeas corpus relief, and affirmatively alleges that petitioner's convictions did not result from a violation of any federal constitutional right. Respondent incorporates by reference the Points and Authorities filed in support of the Answer. Respondent specifically responds to each claim as follows.

**Challenge To CALJIC No. 5.17**

The California Court of Appeal found the challenged instruction, CALJIC No. 5.17, did not prejudice the defense. Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of Supreme Court precedent, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

**Ineffective Assistance Of Counsel**

Petitioner faults trial counsel for requesting an unmodified version of CALJIC No. 5.17. Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of *Strickland v. Washington*, 466 U.S. 668 (1984), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

**Ineffective Assistance Of Counsel**

Petitioner faults trial counsel for failing to interview Deandre Calhoun before trial, in order to prepare effective cross-examination. The state record shows that the state court's resolution of the merits is a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner

has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of clearly established United States Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

**Trial Court's Inquiry On Motion To Substitute Counsel**

Petitioner faults the trial court's inquiry while hearing his pretrial motion for substitute counsel. Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of Supreme Court precedent, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

## V.
## EXHAUSTION

Petitioner exhausted his state remedies with respect to the federal claims found cognizable in the instant first amended petition. *Rose v. Lundy*, 455 U.S. 509 (1982); *see* Exhibits C, D, & E.

## VI.
## AVAILABLE TRANSCRIPTS AND RECORD

Respondent has lodged with the Clerk of the Court copies of the relevant state record: Exhibit A (Clerk's Transcript, 2 volumes); Exhibit B (Unpublished Opinion of the California Court of Appeal); Exhibit C (Petition for Review); Exhibit D (Habeas Corpus Petition to the California Supreme Court); Exhibit E (Habeas Corpus Petition to the California Supreme Court); Exhibit F (May 7, 2001, Police Statement, People's Exhibit 33A); Exhibit G (Reporter's Transcript of February 25, 2004, Hearing on Motion for Substitute Counsel); Exhibit H (Reporter's Transcript of Sentencing Proceedings); Exhibit I (Reporter's Transcript of Trial, 7 volumes).

## VII.
## EXPRESS AND IMPLIED FACTUAL FINDINGS

Respondent alleges that petitioner received a full and fair hearing on all of this claims in the state courts, and that all express and implied factual findings by the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1). Respondent denies that any claim made

1  by petitioner requires an evidentiary hearing by this Court.  28 U.S.C. § 2254(e)(2).

## VIII.
## GENERAL DENIAL

Respondent denies each and every factual or procedural allegation in the petition affording a basis for relief that has not been expressly admitted in the Answer.  Respondent incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying memorandum of points and authorities or in the exhibits filed with this Court, to the extent not inconsistent with the respondent's factual allegations herein.

## CONCLUSION

Accordingly, respondent respectfully requests that the Court deny the petition for writ of habeas corpus.

Dated:  June 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ *René A. Chacón*
RENÉ A. CHACÓN
Supervising Deputy Attorney General
Attorneys for Respondent

RAC/cfl
20118994.wpd
SF2008401172

Answer                                                                                                                                    No. C 07-3838 JSW (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Andrew Videau v. A. Hedgepeth,* **Warden**

No.:  **C 07-3838 JSW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 30, 2008, I served the attached (1) **ANSWER TO ORDER TO SHOW CAUSE; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER; AND (3) NOTICE OF LODGED EXHIBITS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Andrew Videau**
**V-47077**
**Kern Valley State Prison**
**Facility A-2-130**
**P.O. Box 5101**
**Delano, CA 93216-5101**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2008, at San Francisco, California.

| | |
|---|---|
| **Evangeline A. Williams** | /s/ *Evangeline A. Williams* |
| Declarant | Signature |

20119250.wpd