Mr. Andrew Videau, V-47077
Kern Valley State Prison
P.O. Box 5101, A2-232
Delano, CA 93216
In Pro Se

FILED
08 AUG 13 PM 3: 15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VIDEAU,<br><br>    Petitioner,<br><br>v.<br><br>A. HEDGEPETH, Warden,<br><br>    Respondent. | Case No. C 07-3838 JSW (PR)<br><br>TRAVERSE |

    Comes now, Petitioner Andrew Videau, proceeding in pro se, hereby, submits the instant "Traverse" to Respondent's "Answer" to petition for writ of habeas corpus.

    Petitioner, denies, admits, and re-alleges the following:

    1. Petitioner denies that he is properly in the custody of the California Department of Corrections and Rehabilitation,

1

and the conviction and sentence render pursuant to a judgment imposed by the Alemeda County Superior Court on June 9, 2004, in Case No. C141764.

2. Petitioner emphatically denies that any claim in the instant petition for writ if habeas corpus sub judice, is subject to Respondent's affirmative defeses, embodied in the the State's procedural default doctrine, i.e., In re Robbins, 18 Cal.4th 770, 780 (1998), In re Clark, 5, Cal.4th 750 (1993), and In re Miller, 17 Cal.2d 734 (1941), as the United States District Court for the Northern District of California, has on at least two occassions has ruled that the citations to authorty cited above, as relied on by Respondent, in the "Answer to Order to Show Cause," at p. 2:24-26, and Exhibit E, are not sufficient "independent and adequate state law grounds to bar federal habeas review. See, e.g., Carpenter v. Ayers, 548 F.Supp.2d 736, 755-758 (N.D. Cal. 2008).

3. Petitioner re-alleges that the state court rejection of his constitutional claims, resulted in a violation of fundamental federal law, to which Petitioner will incorporate by reference the applicable Points and Authorities, with respects to each claim.

4. Petitioner filed the instant petition for writ of habeas corpus on December 17, 2007, pursuant to 28 U.S.C. § 2245, and therefore, the petition is subject to the stringent standard of review wrought about by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), codifed at 28 U.S.C. § 2244, et seq.

5. Petitioner re-elleges that the Court of Appeals denial of his Claim that the Jury Instruction CALJIC No. 5.17, resulted

in a disposition that was "contrary to, or involved an unreasonable application" of Supreme Court precedent, or "was based on an unreasonable determination of the facts in light of the evidence presented in State Court proceedings." 28 U.S.C. § 2254(d)(1), (2).

6. Petitioner re-alleges that his trial counsel's failure to request an unmodified version of CALJIC No. 5.17., resulted in ineffective assistance of counsel, and the the Court of Appeals disposition of this claim, was "contrary to, or involved an unreasonable application" of the Supreme Court's precedent, Strickland v. Washington, 466 U.S. 668 (1984), or "was based on an unreasonable determination of the facts in light of the evidence presented in State Court proceeding." 28 U.S.C. § 2254(d)(1), (2).

7. Petitioner re-alleges that trial counsel was ineffective for failing to interview prosecution witness Deandre Calhoun before trial, in order to prepare effective cross-examination. And that the Court of Appeals disposition of this Claim, resulted in a decision that is "contrary to, or involved an unreasonable application" of Supreme Court precedent, Strickland v. Washington, 466 U.S. 668 (1984), or was based on an unreasonable determination of the facts in light of the evidence presented in State Court preceeding." 28 U.S.C. § 2254(d)(1), (2).

8. Petitioner re-alleges that the trial court's failure to appoint substitute counsel violated his right to competent counsel, and that the Court of Appeals disposition of this Claim is "contrary to, or involved an unreasonable application of Su-

1  reme Court precedent or "was based on an unreasonable deter-
2  mination of the facts in light of the evidence presented in
3  State court Proceeding." 28 U.S.C. § 2254 (d)(1), (2).
4      9. Petitioner denies that he has received a full and fair
5  hearing on any of his counstitutional calims in State court, and
6  any factual findins in State court are not due a presumption of
7  correctness. 28 U.S.C. § 2254 (d), (e)(1). Any failure to
8  develope the afctual basis of any claim, is due to the State
9  Court's refusal to hold an evidentiary hearing in State court.
10     10. Except as otherwise expressly denied, Petitioner
11 alleges, and re-alleges every allegation in the instant petition
12 and specifically, that Petitioner's judgment of conviction and
13 sentence are unlawful, and that each of Petitioner's rights has
14 been abriged, in violation of the United States Constitution,
15 as aver by Petitioner in the petition for writ of habeas corpus.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

## STANDARD OF REVIEW

Petitioner's petition for writ of habeas corpus was filed after the enactment date of, and is thus subject to, the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See, Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Weaver v. Thompson, 197 F.3d 359, 362 (9th Cir. 1999).

The standard of review under the AEDPA is as follows:

> Under the AEDPA, a federal court may not grant the writ of habeas corpus on behalf of a person in custody of the State with respects to any claim that was ajudicated on the merits in state court procedings unless the adjudication of the claim resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings. 28 U.S.C. § 2254(d).

Williams v. Taylor, 529 U.S. 362, 120 S.Ct. at 1519. The "contrary to" and "unreasonable application" clauses must be accorded independent meanings. Id.

First, a state court decision is contrary to Supreme Court precedent if the State court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. at 1519. The State court's decision must be "subtantially different" from the

5

relevant precedent of the United States Supreme Court. Id.

Second, a State-court decision will also be contrary to United States Supreme Court precedent if the State court confronts a set of facts that are "materially indistinguishable" from a decision of the United States Supreme Court and nevertheless, arrives at a different result from the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. at 1519-20.

A State- court decision can also be an "unreasonable application" of United States Supreme Court precedent in two different ways. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. at 1520. First, a State-court decision involves an unreasonable application of Supreme Court precedent if the State court identifies the correct governing legal rule but unreasonably applies it to the facts of the prisoner's case. Id. Second, a State-court decision involves and unreasonable application of Supreme Court precedent if the State court either unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that legal principle to a new context where it should apply. Id. Williams v. Taylor, 120 S.Ct. at 1521. Accord, Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1834, 152 L.Ed.2d 914 (2002); Miller-El v. Cockrell, 123 S.Ct. 1029, 1039-40, 145 L.Ed.2d 931 (223); Lockyer v. Andrade, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003), and Early v. Packer, 537 U.S. 3, 11, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

///

///

ARGUMENT: [1]/

I.

Petitioner holds fast to his contention, that "[t]he 1995 revision of CALJIC No. 5.17, on the availability of imperfect self-defense when the defendant is the aggressor, is incorrect and effectively negated the defense of lesser culpibilty. In this case, imperfect self-defense was not merely a theory of voluntary manslaughter as a lesser-included offense of murder, it was one of the express defenses by Petitioner. And the State court rejection of this claim, resulted in a decision that is both contrary to, and an unreasonable application of Crane v. Kentucky, 476 U.S. 683, 689-90 (1986), and Petitioner had a Sixth Amendent right to present this defense to the trier of fact. Therefore, this court can grant habeas relief on this claim. 28 U.S.C. § 2254 (d)(1)(2), Williams v. Taylor, 529 U.S. 362, 505-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The State Court of Appeals found this error to be harmles, under the standard set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and this much, Respondent concedes. See, "Answer," at p. 11:14-20. However, the Ninth Circuit Court of Appeals, has recently clarified that instructional errors of this sort, are structural in nature, and are therefore,

---

1. In an effor to stave off prolixity of arguments, Petitioner adopts the factual and procedural summary contained in the Court of Appeal's Opinion, for the purpose of description, only.

Case 3:07-cv-03838-JSW   Document 17   Filed 08/13/2008   Page 8 of 18

1  not amenable to the harmless error doctrine.  See, Lara v. Ryan,
2  455 F.3d 1080, 1082 (9th Cir. 2006), relying on the United States
3  Supreme Court's holding in Sandstorn v. Montana, 442 U.S. 510,
4  526, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), which held that "when
5  a case is submitted to the jury on alternate theories the uncon-
6  stitutionally of one  the theories  requires that the conviction
7  be set aside." Id. (citing, Stromberg v. California, 283 U.S.
8  359, 368, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). Thus, the State
9  Court of Appeals rejection of this claim, also involves an un-
10 reasonable application of clearly established law as determined
11 by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1),
12 under this ribic, as well.  Accord, Pulido v. Chrones, 487 F.3d
13 669, 683 (9th Cir. 2007).
14      In sum, Petitioner submit, that the trial court's giving
15 the 1995 revision to CALJIC 5.17, had a "substantial and injurious
16 effect or influence in determining the jury's verdict." Brecht v. Ab-
17 rahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993),
18 a standard of review in which Respondent, "Answer," at p. 13:11-13,
19 with a citation to "Estelle v. McGuire, 502 U.S. at 72," attempts to interpose
20 an additional "(reasonable likelihood)" test, into the court's analysis
21 when on collateral review of a claimed harmless constitutional
22 error, the test is solely Brecth, supra.  See, Fry v. Pliler, 127
23 S.Ct. 2321, 2324 (2007), which Petitioner here cites, for the
24 proposition, that the State Court's harmless error review, is
25 within itself unreasonable. 28 U.S.C. §2254(d)(1).
26 ///
27 ///


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

8

II.

Petitioner re-alleges that he received constitutionally defecient representation of trial counsel, for trial counsel's failure to request modification of CALJIC No. 5.17, which Petitioner incorporates by reference, the arguments advanced at part "I," ante of the instant Traverse, and that the State Court of Appeals rejection of this claim, resulted in a decision that is both contrary to, and an unerasonable application of the United States Supreme Court's holding in Strickland v. Washington, 466 U.S. 668, 687 (1984), as well as, resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceeding. 28 U.C.C. § 2254(d)(1)(2).

Petitioner submit, that there was no tactical advantage to be gained by counsel's requesting an unmodified version of CALJIC 5.17, and counsel's error in this regard, caused counsel to lapse in his professional representation of Petitioner, that fell below an objective standard of reasonably competent assistance of counsel. Strickland v. Washington, supra, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d (1984). And this error by counsel compels an application of the per se prejudice analysis, under the alanytical framework enunciated by the United States Supreme Court, in United States v. Cronic, 466 U.S. 648, 656 (1984). Thus, Petitioner assert, had it not been for counsel's shortcomings, the result of the proceedings would have been different. Strickland, supra, 466 U.S at 694.

9

Therefore, the State Court's rejection of Petitioner's ineffective assistance of counsel claim, resulted in a decision that is both contrary to and an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1), Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Bell v. Cone, 122 S.Ct. 1843, 1848 (2002), Early v. Packer, 123 S.Ct. 362, 365 (2002) (per curiam).

In sum, and for the same general legal arguments made by Petitioner ante, at p. 8:14-25, Petitioner contends, that the State Court's application of harmless error review to his ineffective assistance of counsel claim, also represents a decision that is contrary to clearly established federal law as determined by the Supreme Court of the United States, and an unreasonable determination of the facts in light of the evidence presented in state court proceeding, 28 U.S.C. § 2254 (d)(1)(2). As the harmless error doctrine as set forth by the United States Supreme Court, in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), presupposes that the defendant was represted by competent counsel. See, Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). Thus, the State Court's harmless error review to this claim, was an unreasonable appliaction of supreme Court precedent. 28 U.S.C. § 2254 (d)(1). Fry v. Pliler, 127 S.Ct. 2321, 2326 (2007).

Similarily, Petitioner is not barred from receiving an evidentiary hearing in federal court on this claim. As the State Court failed to have an evidentiary hearing in its courts to develope

the factual basis of his ineffective assistance of counsel claim. As under State law, it is the 'Order to Show Cause' (or the issuance of the writ itself) that serves to "institute a proceeding" in which issues of fact are to be framed and decided, those are the means by which issues are joined (through return and traverse) and the need for an evidentiary hearing determined." See, In re Romero, 8 Cal. 4th 728, 740, 35 Cal.Rptr.2d 270, 833 P.2d 338. See also, Cal. Rules of Court, (state) habeas rule 260 (a)(e).

In the instant case, neither an order to show cause nor a writ of habeas corpus in state court was issued. Thus no issues were joined. Therefore, 28 U.S.C. § 2254 (e)(2), does not apply to bar Petitioner from receiving an evidentiary hearing in federal court. See, e.g., Contreras v. Rice, 5 F.Supp.2d 854, 863 (C. D. Cal. 1998), citing Jones v. Woods, 114 F.3d 1002, 1013 (9th Cir. 1997). Petitioner did not fail to develop the factual basis of his claims in state court, **the state court denied Petitioner the opportunity**, to develope that factual basis of his claims by failing to hold an evidentiary hearing in state court. The state ought not be permitted to insulate its decisions from collateral attack in federal courts by refusing to grant evidentiary hearings in its **own** courts. Nothing in § 2254(e) or the rest of the AEDPA implies that states may manipulate things in this matter. See, e.g., Burris v. Parke, 116 F.3d 256, 258-59 (7th Cir. 1997). Petitioner request for an evidentiary hearing in federal court, is thus grounded upon the "Sixth Circumstance," of Towsend v. Sain, 372 U.S. 293, 313-14, 9 L.Ed.2d 770, 83 S.Ct. 745 (1963).

11

III.

Petitioner re-alleges that trial counsel was ineffective for the egregious failure to interview prosecution witness Deandre Calhoun before trial, in order to prepare effective cross-examination. Respondent's acclimation "Answer," at p. 14:21-22, "No indication exist that DeAndre Calhoun [sic] was willing to talk to defense counsel before trial," is most disconcerting... As hindsight is 20-20, and whether or not Calhoun was willing too speak to counsel ought not be a dispositive factor in whether or not, counsel was ineffective for the complete failure to make an attempt to interview the witness, the most damning witnesses in the case. Moreover, whether or not, Calhoun would have been willing to be interviewed by defense counsel, can only be determined at this juncture, in an evidentiary hearing.

In any event, under the controlling legal principles enunciated by the High Court, defense counsel has a constitutional obligation to investigate all defenses of fact and law, i.e., "coulsel should have known" that further investigation would turn up favorable material to assist in cross-examination. See, e.g., Strickland v. Washington, supra, 466 U.S. at pp. 668-669, 80 L.Ed.2d at pp. 647, 693-695. As the United States Supreme Court has opined, cross-examination is the "greatest legal engine ever invented for the discovery of the truth. See, California v. Green, 399 U.S. 149, 158, 26 L.Ed.2d 489, 90 S.C.t. 1030 (1970); accord, Maryland v. Craig, 497 U.S. 836, 846, 111 L.Ed.2d 666, 110 S.Ct. 3157. And therefore, the state court's rejection of this

claim is both contrary to, clearly established federal law as determined by the Supreme Court of the United States, and an unreasonable determination of the facts in light of the evidence presented in state court proceeding. 28 U.S.C. § 2254 (d)(1)(2), Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Bell v. Cone, 122 S.Ct. 1843, 1848 (2002); Early v. Packer, 123 S.Ct. 362, 365 (2002) (per curiam).

### IV.

Petitioner re-alleges that the trial court's failure to appoint substitute counsel violated the Sixth Amendment in this particular case. In the Marsden Hearing on February 25, 2004, **inter alia**, Petitioner complained that his attorney, was not properly communicating with him, and that the defense investigator Mr. Rosenblum, was essentially **sabotaging** his defense by disclosing confidential defense strategies to prosecution witnesses. And upon the court's inquiries with respects to the confidential disclosures, defense counsel candidly stated, "With respects to the situation involving Mr. Rosenblum who is my investigator, I did speak with him about what was allegedly disclosed. And unfortunately, as I sit here today, I can't remember exactly what was the nature of the disclosures." (R.T. 4-7). Thus, this cannot in any real sense of fairnes, be deemed a full and fair hearing, on Petitioner's claim that there was an irrconcilable conflict with his attorney and a breakdown in communications, that prevented effective representation. Schell v. Witkek, 218 F.3d 1017, 1026 (9th Cir. 2000),

Petitioner is therefore, entitled to an evidentiary hearing to fully develope the factual basis of this irreconcilable conflict with counsel claim. See, <u>Schell v. Witek</u>, supra, 218 F.3d 1017, 1028 (9th Cir. 2000), as a defendant is entitled to an evidentiary hearing if "(1) he has alleged facts that, if proven, would entitle him to relief, and (2) the state court trier of fact has not after a <u>full and fair hearing reliably found the relevant facts</u>." <u>Caro v. Calderon</u>, 165 F.3d 1223, 1226 (9th Cir. 1999). (Emphasis added).

Petitioner contend[s], that the state court at the afforementioned Marsden hearing, is in derelection of its constitutional obligation to egnage in the requisite weighing process, to balance Petitioner's Sixth Amendment right to counsel against society's interest in the prompt administration of justice. <u>Hudson v. Rushen</u>, 686 F.2d 826, 831 (9th Cir. 1982) Once the trial court found that there was an irreconcilable conflict between Petitioner and counsel, the court was required to appoint substitute counsel. <u>Brown v. Craven</u>, 424 .2d 1166, 1170 (9th Cir. 1970). As the Ninth Circuit has opined, "to compell one charged with a grievious crime to undergo the assistance of an attorney with whom he has become embroiled in irreconcilable conflict with is to deprive him of the effective assistance of any counsel whatsoever." See, e.g., <u>Estminger v. Iowa</u>, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967); <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792 9 L.Ed. 2d 799 (1963). Quoting, <u>Brown v. Craven</u> supra, 424 F.2d at 1170.

Therefore, the State court rejection of this claim, resulted in a decision that is contrary to, or involved an unreasonsble application of, clearly established federal law, as determined

14

1  by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The
2  clearly established federal law that Petitioner draws this Honor-
3  able Court's attention to is Estminger v. Iowa, 386 U.S. 748, 87
4  S.Ct. 1402, 18 O.Ed.2d 501 (1967), and Gideon v. Wainwright, 372
5  U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This proposition
6  has already been endorsed by the Ninth Circuit. See, Brown v.
7  Craven, supra, 424 F.2d at 1170 (9th Cir. 1970).

8      Although under § 2254(d)(1), Circuit precedents cannot suffice
9  to "clearly establish" a rule, they can provide evidence that
10 Supreme Court precedents had clearly established a rule as of a
11 particular time. See, e.g., O'Brien v. Dubios, 145 F.3d at 21 ("To
12 the extent that inferior federal courts have decided
13 factually similar cases, reference to those decisions are appropri-
14 ate in assessing the reasonableness vel non of the state court's
15 treatment of the contested issue.") Martin v. Bissonette, 1997 WL
16 28280602, at *8 (1rst Cir. 1997) ("opinions of inferior federal
17 courts are [not] totally irrelevant to an evaluation of state
18 court decisions" because "[s]uch opinions may help confirm what
19 legal principles were (or were not) definitely resolved by earlier
20 Supreme Court cases, and ... such decisions may prove useful in
21 determining whether a state court's application of Supreme Court
22 precedents is reasonable"); Fern v. Gramley, 99 F.3d 255, 250-60
23 (7th Cir. 1996).

24     In this regard, Petitioner contends that the State Court's
25 failure to apply the principles of Estminger v. Iowa, 386 U.S. 748,
26 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967), and Gideon v. Wainwright,
27 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to this claim
28 amounted to an unreasonable application of clearly established

Federal Law, as determined by the Supreme Court of the United States, were such an <u>extension</u> of precedent was required by the force and the logic of the High Court's decision. <u>Davis v. Kramer</u>, 167 F.3d 494, 500 (9th Cir. 1999).

## CONCLUSION

For the foregoing reasons, Petitioner Prays that this Honorable habeas court, will Order that an evidentiary hearing be held, and upon the appropriate factual findings, let the writ issue.

Respectfully Submitted,

ANDREW VIDEAU, In Pro Se

DATED: August 4, 2008

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:
I am over 18 years of age, and a party to the within action.
My address is:      P.O. Box 5101
                    Delano, CA 93216


On August 4, 2008, I served a copy of the attached
    Traverse

On the below-named persons by placing a true copy thereof in envelope addressed as follows, with first class postage thereon fully prepaid, and delivering the sealed envelopes, according to the procedures prescribed for sending legal mail, to the proper institutional official for deposit in the United States mail at Delano, in the County of Kern, California.

| U.S. Dist. Court | Rene Chacon, Attorney General |
| Northern District of | 455 Golden Gate Ave. Suite 11000 |
| California | Sanfrancisco, CA 94102-7004 |
| 450 Golden Gate Ave. | |
| San Francisco, CA 94102 | |

Executed under penalty of perjury this 4th day of August, 2008, at Corcoran, California.


                                          _____
                                                DECLARANT

Mr. Andrew Videau, V-47077
Kern Valley State Prison
A2-232
P.O. Box 5101
Delano, CA 93216

"LEGAL MAIL"

United States District Court
Northern District of California
450 Golgen Gate Ave.
San Francisco, CA 94102