UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW VIDEAU,

    Petitioner,

v.

A. HEDGEPETH, Warden, et al.,

    Respondent.

No. C 07-3838 JSW (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief Petitioner alleges, *inter alia*, that trial counsel rendered ineffective assistance. For the reasons set forth below, the petition is DENIED.

## STATEMENT

In 2004, Petitioner was convicted by an Alameda County Superior Court jury of first-degree murder (Cal. Pen. Code § 187). The jury also found true the many sentencing enhancement allegations. Petitioner pleaded no contest to a charge of possession of a firearm by a felon and unlawful firearm activity (*id.* §§ 12021(a)(1) & 12021(c)(1)). The trial court sentenced Petitioner to a term of fifty years to life in state prison. Petitioner appealed. The California Court of Appeal for the First Appellate District affirmed the judgment. (Ans., Ex. B (*People v. Videau*, No. A106927, 2006 WL 392144 (Cal. Ct. App. Feb. 21, 2006)) at 1.)

The California Supreme Court denied his petition for review and his two petitions for writ of habeas corpus. (*Id.*, Exs. C, D & E.)

Evidence presented at trial showed that in May 2001, Petitioner shot and killed his co-worker Clifford Sutherland. The murder occurred, according to varying explanations, either because their work supervisor had fired Petitioner in order to rehire Sutherland, or because of an argument over a botched drug sale and a woman. (*Id.*, Ex. B at 2–5.)

As grounds for federal habeas relief, Petitioner alleges that (1) the jury instruction pursuant to CALJIC No. 5.17 regarding imperfect self-defense violated *Crane v. Kentucky*, 476 U.S. 683, 689–90 (1986), because it negated the defense of "lesser culpability;" (2) trial counsel was ineffective in requesting CALJIC No. 5.17 and in failing to interview a prosecution witness; and (3) the trial court violated Petitioner's Sixth Amendment right to counsel by making an inadequate inquiry into Petitioner's complaints about counsel and then denying Petitioner's motion to change counsel.

**STANDARD OF REVIEW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

The first prong applies both to questions of law and to mixed questions of law and fact. *Williams v. Taylor*, 529 U.S. 362, 407–09 (2001). The second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court

decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. A state court decision is an "unreasonable application of" Supreme Court authority, and thus falls under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. A federal court on habeas review may not issue a writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeal, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981). A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id*.

Under Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340.

## DISCUSSION

### I.  Self-Defense Jury Instruction

Petitioner claims that the final paragraph of CALJIC No. 5.17 regarding imperfect self-defense violated *Crane v. Kentucky*, 476 U.S. 683, 689–90 (1986), because it negated the defense of "lesser culpability." Petitioner contends that this does not comport with *Crane*'s statement that "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."[1] (*Id*. at 690) (internal quotation marks

---

[1] Other than this statement, the case is not relevant to petitioner's claim. In *Crane*, the Supreme Court reversed a conviction that was based entirely on a criminal defendant's confession. The trial court had barred the defendant from presenting detailed evidence regarding

3

1  removed). The state appellate court rejected this claim, concluding that any error the
2  instruction may have caused was harmless: "By convicting [Petitioner] of first degree
3  murder, the jury explicitly found that [Petitioner] acted willfully, deliberately, and with
4  premeditation. This finding is inconsistent with [Petitioner's] having an actual, but
5  unreasonable, belief that he needed to kill to defend himself." (Ans., Ex. B at 7.)

CALJIC 5.17, as read to Petitioner's jury, reads as follows:

> A person who kills another in the actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury, kills unlawfully but does not harbor malice aforethought and is not guilty of murder. This would be so even though a reasonable person in the same situation, seeing and knowing the same facts would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary manslaughter.
>
> As used in this instruction, an "imminent" peril or danger means one that is apparent, present, immediate, and must be instantly dealt with, or must so appear at the time to the slayer.
>
> *However, this principle is not available, and malice aforethought is not negated, if the defendant, by his unlawful or wrongful conduct created the circumstances which legally justified his adversary's use of force, attack, or pursuit.*

((Ans., Ex. A. Vol. 2 at 286.) (emphasis added).)

To obtain federal habeas relief for error in the jury charge, a petitioner must show that the error "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The error may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Id*.

Where ambiguous or potentially defective instructions are at issue, the court must inquire whether there is a "reasonable likelihood" that the jury has applied the challenged

---

the circumstances of the interrogation, including the duration of the interrogation, the individuals who were in attendance, the physical characteristics of the interrogation room, and other details about the taking of the confession — evidence the Supreme Court found bore directly on whether the defendant's confession was voluntary. Though the trial court and the prosecution thought that the issue of voluntariness had been settled before trial when the trial court denied the defendant's motion to suppress the confession, the Supreme Court found that the later denial of voluntariness evidence prevented the defendant from presenting a complete defense.

4

instructions in a way that violates the Constitution. *See id.* at 72 & n.4; *Boyde v. California*, 494 U.S. 370, 380 (1990). However, a determination that there is a reasonable likelihood that the jury has applied the challenged instructions in a way that violates the Constitution establishes only that a constitutional error has occurred. *Calderon v. Coleman*, 525 U.S. 141, 146 (1998). If constitutional error is found, the court also must determine that the error had a substantial and injurious effect or influence in determining the jury's verdict before granting habeas relief. *Id.* at 146–47 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

Turning to the instant matter, the Court concludes that Petitioner's contention is without merit. First, how California defines self-defense, imperfect or otherwise, involves a question of state law and as such is not cognizable in federal habeas proceedings. *See Estelle*, 502 US at 67–68; *see also Peltier v. Wright*, 15 F.3d 860, 861–62 (9th Cir 1994). In fact, CALJIC No. 5.17 is a correct recitation of California law[2] and as such is binding on this Court. *See Hicks v Feiock*, 485 US 624, 629–30 (1988). Furthermore, though a defendant is entitled to adequate instructions on the defense theory of the case (*Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 2000)), he is entitled only to such an instruction "if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *U.S. v. Boulware*, No. 05-10752, slip. op. 2921, 2927 (9th Cir. Mar. 9, 2009) (internal quotations omitted). Because Petitioner's theory was not consonant with California law, it was not legally cognizable, and thus he was not entitled to adequate instructions on it.

Second, Petitioner's reliance on *Crane* is misplaced. Specifically, *Crane* and the instant matter present crucially different factual and legal situations. In *Crane*, the jury never heard the defendant's defense, the trial court's having barred its presentation. In the instant matter, Petitioner was not barred from presenting whatever defense he wished. That California's law regarding self-defense does not comport with Petitioner's defense is not, on the facts presented, a constitutional violation. CALJIC 5.17 simply gives the state's

---

[2] *See In re Christian S.*, 7 Cal.4th 768, 774 n.1 (1994).

5

1 version of self-defense and does not interfere with the presentation of evidence or
2 witnesses. On this record, Petitioner has not shown that he was not allowed to present a
3 complete defense in violation of *Crane*. Therefore, the state appellate court's conclusion is
4 constitutionally sound, and, thus, Petitioner's claim is without merit. Accordingly,
5 Petitioner is not entitled to habeas relief on this claim.

**II.     Assistance of Trial Counsel**

      **A.     CALJIC No. 5.17**

Petitioner claims that when trial counsel, who had requested the instruction, failed to move to strike that final paragraph of CALJIC No. 5.17, he "removed from the jury's consideration a lesser included offense, thereby rendering ineffective assistance." (Pet. at 6(d).) (Trial counsel in fact requested the giving of CALJIC No. 5.17 to the jury.) The state appellate court apparently did not rule on this claim, but it did conclude that any error caused by the presentation of the last paragraph of the instruction was harmless. (Ans., Ex. B at 7.)

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id*. at 687–68. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit. As to trial counsel's performance, because CALJIC No. 5.17 was a correct recitation of California law, this Court cannot say that trial counsel's

6

failure to have the final paragraph stricken fell below an objective standard of reasonableness. Indeed, CALJIC No. 5.17 actually provides, rather than removes, the opportunity for a finding of a lesser-included offense, though not in a way that Petitioner prefers. The final paragraph, to which Petitioner objects, merely states the definitional boundaries of voluntary manslaughter under California law. Because the Court concludes that Petitioner has not shown that trial counsel's performance was deficient under *Strickland*, it need not consider whether trial counsel's act resulted in prejudice. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998). Accordingly, Petitioner is not entitled to habeas relief on this claim.

### B. Interviewing a Witness

Petitioner claims that trial counsel's failure to interview DeAndre Calhoun, the victim's neighbor and a witness to the criminal events, resulted in a violation of Petitioner's Sixth Amendment rights. (Pet. at 6(e).) Specifically, Petitioner contends that by failing to interview Calhoun, trial counsel "was unable to learn whether [Calhoun] had information concerning the period when he observed the victim and [P]etitioner arguing through his bathroom window, which might have corroborated [P]etitioner's claim that the victim was the initial aggressor." (Id.) Petitioner also contends that while Calhoun testified trial counsel failed to "seek elaboration" on what Calhoun saw during the criminal events. (Id.) The state appellate court apparently did not rule on this claim.

The relevant facts are as follows:

> DeAndre Calhoun heard two males arguing outside his home in Oakland. He peeked through a window and saw that one of the men was his next-door neighbor (Clifford Sutherland). The other man was light-skinned and had a bald head. The two men moved out of Calhoun's line of vision, so he moved to another window, where he saw the neighbor back up with his hands up, and say, "No" about three times. The other man had one hand up; there was a plastic bag over his hand. His neighbor had no weapon and did not move toward the other man. Calhoun then heard two shots and, after a pause, some more shots. After he heard the shots, Calhoun saw his neighbor fall and he saw the man with the bag over his hand run toward what looked like a gray Toyota automobile.

(Ans., Ex. B at 2.)

7

A defendant's mere speculation that a witness might have given helpful information if interviewed is not enough to establish ineffective assistance. *See Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001). To establish prejudice caused by the failure to call a witness, a petitioner must show that the witness was likely to have been available to testify, that the witness would have given the proffered testimony, and that the witness's testimony created a reasonable probability that the jury would have reached a verdict more favorable to the petitioner. *Alcala v. Woodford*, 334 F.3d 862, 872–73 (9th Cir. 2003).

Applying these legal principles to the instant matter, the Court concludes that Petitioner's claim is without merit. Petitioner has offered only speculation that Calhoun might have given information favorable to Petitioner's defense. Furthermore, Petitioner has failed to show that he suffered prejudice because of trial counsel's alleged failures. Specifically, he has not shown that Calhoun would have given the favorable testimony, let alone whether this testimony would have created a reasonable probability that the jury would have reached a verdict more favorable to Petitioner. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### III.  Trial Court's Inquiry

Petitioner claims that the trial court's denial of Petitioner's motion to change counsel, after having made an insufficient inquiry into Petitioner's complaints about trial counsel, violated his Sixth Amendment rights. (Pet. at 6(g).) At trial, Petitioner was represented by Gary Sherrer. At the hearing regarding Petitioner's motion to change counsel, Petitioner alleged the following: that his first counsel, Freda Perel, bungled his preliminary hearing through a lack of preparation, that Sherrer's investigation into Perel's performance and any evidence or witnesses she may have failed to investigate was inadequate, and that Sherrer failed to properly communicate with Petitioner. (Ans., Ex. G at 2–6.) Sherrer stated that after he had reviewed the preliminary hearing transcript, he concluded that Perel's performance was such that a court would not find that she had withdrawn a meritorious defense. Sherrer also stated that he had in fact met with his client

8

several times, had reviewed the case with Petitioner, had offered to interview witnesses Petitioner has spoken of, had investigated the state of Petitioner's mental health and wanted to make sure that he received treatment, and that at one meeting Petitioner was uncommunicative.  (*Id*. at 7–11.)  After having heard from Petitioner and Sherrer, the trial court was "satisfied that [Sherrer] has investigated with regard to your complaints about your former attorney."  The submitted copy of the transcript of the change of counsel hearing is incomplete, but the Court assumes that the trial court denied the motion, especially considering that Sherrer continued as Petitioner's attorney of record through trial.

       The ultimate inquiry in a federal habeas proceeding is whether the petitioner's Sixth Amendment right to counsel was violated.  *Schell v. Witek*, 218 F.3d 1017, 1024–25. (9th Cir. 2000).  That is, the habeas court considers whether the trial court's denial of or failure to rule on the motion to change counsel "actually violated [a petitioner's] constitutional rights in that the conflict between [a petitioner] and his attorney had become so great that it resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment."  *Id*. at 1026.

       Applying these legal principles to the instant matter, the Court concludes that Petitioner has not shown that the trial court's inquiry was inadequate or that its denial of the motion denied Petitioner's constitutional rights.  First, the record clearly shows that the trial court gave Petitioner an adequate opportunity to present his grievances.  Second, the record shows that the trial court credited Sherrer's version of events.  The Court must accord the trial court's credibility determination regarding Sherrer and Sherrer's performance the highest deference.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986). Petitioner, then, has not shown that a conflict existed between him and Sherrer such that there was a total lack of communication — the record shows that they continued to communicate — or that there was some significant impediment resulting in a deprivation of Petitioner's Sixth Amendment rights.  On this record, the Court concludes that Petitioner has not shown that his constitutional rights were violated.  Accordingly, Petitioner is not

9

entitled to habeas relief on this claim.

## CONCLUSION

As to all Petitioner's claims, the Court concludes that the state court's adjudications were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. 2254 (d)(1), (2). Accordingly, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 11, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VIDEAU, | Case Number: CV07-03838 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ANTHONY HEDGEPATH et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 11, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Videau
V47077
P.O. Box 8500
Coalinga, CA 93210

Dated: May 11, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk